IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ERICK HOLSEY**, | Case No. 3:16-cv-1805-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **RICHARD STELLNER, individually, and CLATASKANIE RURAL FIRE PROTECTION DISTRICT, an incorporated Special District**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee You issued Findings and Recommendation in this case on April 27, 2018. ECF 23. Judge You recommended that Defendants' motion for summary judgment be granted in part and denied in part.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendants timely filed an objection (ECF 25), to which Plaintiff did not respond. Defendants object to the portion of Judge You's recommendation finding that there is a genuine issue of material fact regarding whether Clatskanie Rural Fire Protection District ("CRFPD") granted Plaintiff a veterans' preference in its hiring process, as required by ORS 408.230(2)(b). Although CRFPD added 10 points to Plaintiff's final application score based on Plaintiff's status as a disabled veteran, as required by the statute, Judge You found that the evidence could show that one member of the seven-person hiring committee intentionally reduced Plaintiff's score in order to diminish the effect of Plaintiff's veterans' preference. Defendants argue that such reasoning supports a discrimination claim, which Plaintiff does not allege, but not a claim for the violation of ORS 408.230(2)(b), which requires only that "10 preference points" be added to a veteran's total combined application score. So long as those points were added, Defendants

argue, they were in compliance with Oregon law, regardless of how one member may have scored the veteran candidate.

The Court agrees with Judge You's reasoning and conclusions. If a member of a hiring committee lowers a job candidate's substantive application score with the intention of nullifying or diluting the effect of the candidate's 10-point veterans' preference, then that candidate is effectively denied the full benefit of the veteran's preference law. Although ORS 408.230(2)(b) does not create a cause of action for discrimination against veterans in hiring, it is nevertheless a violation of that statute to manipulate an applicant's score in order to diminish the effect of the preference points that the statute requires.

Defendants also argue that the evidence in the record does not support Judge You's conclusion that "one of the board members undercut the veterans' preference by commensurately reducing [Plaintiff]'s score." As a preliminary matter, Defendant mischaracterizes Judge You's conclusion. Judge You concluded that the evidence *could show* that a board member intentionally undercut the veteran's preference points and that, if proven, such an act would constitute a violation of the veterans preference statute. Further, the evidence in the record is sufficient to create a genuine question of fact as to whether a CRFPD board member intentionally undercut Plaintiff's statutory entitlement to a veteran's preference. Emails and deposition testimony speak to board member John Moore's disapproval of the veteran's preference, particularly as applied to the Assistant Fire Chief application process. The evidence also shows that Moore gave Plaintiff significantly lower scores, and gave the sole competing applicant significantly higher scores, than almost any other member of the hiring committee at almost every step of the application process. Although there is also evidence from Moore's notes

that his low scores were unrelated to Plaintiff's veteran status, such conflicting evidence merely confirms the existence of a triable question of material fact.

Finally, Defendants argue in their objections to Judge You's findings and recommendation that the Court must decline to exercise supplemental jurisdiction over Plaintiff's state law claim because it has dismissed Plaintiff's sole claim arising under federal law. "[A] federal district court with power to hear state law claims has discretion to keep, or to decline to keep, them under the conditions set out in [28 U.S.C.] § 1367(c) . . . That state law claims '*should*' be dismissed if federal claims are dismissed before trial . . . has never meant that they *must* be dismissed." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997) (en banc) (emphasis in original). The district court's discretion to retain state law claims despite dismissal of federal claims is "informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Id*. at 1001(quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). *See also Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1088 n.4 (9th Cir. 2000) (affirming a district court's retention of jurisdiction where the court was familiar with the record and the state law claims were nearly identical to the dismissed federal claims).

The *Gibbs* considerations of economy and convenience recommend that the Court retain jurisdiction over the state law claim. This action has been pending in federal court since September 13, 2016. The Court and the magistrate judge are familiar with the record and the parties have completed discovery. Following resolution of the pending motion for summary judgment, all that remains for the parties to resolve this litigation is trial on a single claim. A dismissal would result in duplicative procedures in state court and delay. The Court therefore declines to dismiss Plaintiff's remaining claim.

For those portions of Judge You's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge You's Findings and Recommendation, ECF 23. Defendants' Motion for Summary Judgment (ECF 11) is GRANTED with respect to Claims One and Two, and DENIED with respect to Claim Three.

**IT IS SO ORDERED.**

DATED this 20th day of June, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge